UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT E. JONES,<br><br>Plaintiff,<br><br>v.<br><br>ST. CLAIR COUNTY, *et al.*,<br><br>Defendants. | Case No. 24-cv-11965<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANTS' MOTION FOR ALTERNATE SERVICE OF A SUBPOENA (ECF NO. 26)**

Defendants St. Clair County and Mat King move for alternate service of a subpoena on non-party witness Joshua Goodrich. ECF No. 26. The Honorable Nancy G. Edmunds referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 27.

Under Federal Rule of Civil Procedure 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45(b) expressly requires personal service; "the rule makes no allowance for service by alternate means." *Powell v. State Farm Fire & Cas. Co.*, No. 15-13342, 2015 WL

13619425, at *1 (E.D. Mich. Dec. 23, 2015).

But Rule 45 allows for "service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011).  Alternate means must be reasonably calculated to insure delivery.  *Id.* (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 318 (1950)).  "Mailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness."  *Id.* (cleaned up).

Defendants noticed Goodrich's deposition for April 3, 2025, and process server Christopher Gaigalas tried to serve Goodrich at his last known address on March 17, 2025.  ECF No. 26-2; ECF No. 26-3.  Gaigalas learned that Goodrich had moved from that address.  ECF No. 26-3.  Defendants revised the subpoena, and process server Andy Silver tried to serve it at Goodrich's new address on March 19, 2025.  ECF No. 26-4; ECF No. 26-5.  Silver stated that a teenage boy answered the door and stated that Goodrich was travelling.  ECF No. 26-5.  Goodrich's wife also spoke to Silver via a doorbell camera and confirmed that Goodrich was travelling through the deposition date.  *Id.*

Defense counsel, Todd Shoudy, states that Goodrich's attorney, Christopher Nesi, contacted him on March 20, 2025, and stated that Goodrich was unavailable for a deposition in March because of his job as a travelling salesman. ECF No. 26, PageID.295-296. Shoudy informed Nesi that the deposition was scheduled for April 3, and Nesi stated that he would get back with Shoudy. *Id.* Nesi did not follow up, so Shoudy emailed him on March 26 and 31. ECF No. 26-6; ECF No. 26-7. Shoudy also tried to call and text Nesi. ECF No. 26, PageID.296. Nesi did not respond to any of these communications. *Id.*

Because Goodrich often travels for work and his attorney has not responded to Shoudy's repeated calls, texts, and emails, defendants are unable to serve Goodrich despite their diligent efforts. Mailing and posting the subpoena and related documents to Goodrich's current residence and emailing them to Nesi are methods of alternate service that will result in actual delivery. Thus, defendants' motion for alternate service is **GRANTED,** and service may be effected by:

- Mailing the subpoena, notice of deposition, witness fees, and a copy of this order, via first-class mail, to Goodrich's residence at 1711 New Jersey Ave., Marysville, MI 48040;

- Tacking or affixing, by a process server, the subpoena, notice

of deposition, and a copy of this this order at Goodrich's residence at 1711 New Jersey Ave., Marysville, MI 48040;

- Emailing the subpoena, notice of deposition, and a copy of this this order to Nesi; and

- Emailing the subpoena, notice of deposition, and a copy of this this order to Goodrich's last known email address.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 29, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2025.

                                        <u>s/Davon Allen</u>
                                        DAVON ALLEN
                                        Case Manager